(125 So. 866)

No. 30301.

## MIDDLETON v. TANGIPAHOA DRAINAGE DIST. NO. 1.

Jan. 6, 1930.

Joseph M. Blache, Jr., of Hammond, for appellant.

S. S. Reid, of Amite, for appellee.

LAND, J. During the year 1924 the Tangipahoa drainage district No. 1 issued bonds in the principal sum of $550,000, for the pur-

pose of constructing a gravity drainage system in that district.

After the work, as outlined, had been accomplished in the latter part of the year 1928, the commissioners of that district found that they owed one of the contractors a balance of $25,000, and that the expenditure of the further sum of $85,000 would be necessary to complete and perfect the drainage system by digging new laterals or ditches.

Based upon an estimate made by the engineer of the district, the commissioners on February 7, 1929, passed an ordinance providing for the issuance of additional bonds in the sum of $110,000.

On September 7, 1929, plaintiff, a resident taxpayer of the district, instituted the present suit to enjoin the commissioners from selling the additional bonds.

Plaintiff's sole ground of complaint is that, under Act No. 227 of 1928, the commissioners did not have the right to issue the additional bonds for the purpose of paying the back indebtedness of $25,000, and of digging *new* ditches, not shown on the original plan, but was limited, in the issuance of these bonds, to the completion of ditches as shown by the original plan adopted by the commissioners of the gravity drainage district.

In answer to plaintiff's contentions, the commissioners allege the legality of the bond issue, under the provisions of Act No. 227 of 1928, and plead the prescription of 60 days, under paragraph (n), § 14, article 14, Constitution 1921, as a perpetual bar to plaintiff's suit.

The demands of plaintiff were rejected at his costs in the lower court, and he has appealed.

Act No. 227 of 1928 was enacted to carry into effect paragraph (o) of section 14, article 14 of the Constitution of 1921, as amended by

Act No. 173 of 1924, adopted at an election held on November 4, 1924.

Section 1 of Act No. 227 of 1928 provides: "That gravity drainage districts and gravity subdrainage districts, through their respective governing authorities, when debts have been incurred and ad valorem or acreage taxes have been levied, as authorized by the provisions of section 14 of article XIV of the Constitution of 1921, for the construction of a gravity drainage system, may, *without further submission to the property taxpayers*, incur an additional indebtedness and levy an additional ad valorem or acreage tax or forced contribution, and fund same into bonds, all within the limits prescribed in said provisions, *for the purpose of perfecting and completing*, or of paying the expense or cost of perfecting and completing, said system of gravity drainage, *eighty per cent (80%) of which shall have been accomplished* at the time of incurring said additional indebtedness and the levying of said additional taxes."

It is further provided in section 2 of the act: "That in any case where it becomes necessary, or it is desired, by the governing authority of any gravity drainage district or sub-drainage district to exercise the authority granted by Section 1 of this act, such governing authority shall first cause to be made, by its supervising engineer or other competent engineer, an estimate of the work already done on the system of drainage which has been adopted, and if it be found by such estimate *that eighty per cent (80%), or more, of the system has been completed*, such governing authority shall authorize, by proper ordinance, the creation of *an additional indebtedness* and shall levy *an additional ad valorem or acreage tax or forced contribution*, and fund same into bonds, *for the*

*purpose of perfecting and completing* such system of gravity drainage, *or of paying any indebtedness incurred* or to be incurred in completing same, not to exceed, however, *twenty per cent (20%) of the total cost of such system of drainage,*" etc.

■ The additional indebtedness to be incurred in this case is the sum of $110,000, which is 20 per cent. of the total cost of $550,-000, expended for the original drainage district. The additional indebtedness of $110,-000 is therefore within the statutory limit.

As shown by the testimony of the supervising engineer, and by the estimate made by him, 80 per cent. of the drainage system had been completed at the time of incurring the additional indebtedness.

■ It is made plain in section 2 of Act No. 227 of 1928 that additional indebtedness may be incurred for the purpose "of paying any indebtedness incurred," as well as any indebtedness "to be incurred in completing" the work.

The back indebtedness of $25,000, due by the commissioners to one of the contractors for work done on the original drainage system, was therefore a legal indebtedness for which additional bonds could be issued.

■ The supervising engineer testifies that the new ditches to be dug are necessary to perfect and complete the drainage system. No evidence to the contrary appears in the record, and the necessity for such ditches must be accepted as a proven fact.

■ In our opinion it is immaterial that the plans and specifications for the original drainage system do not show or provide for the new or additional ditches needed. There is no provision in Act No. 227 of 1928 requiring it. Nor was there any necessity that these ditches be included in the plans and specifications for the original work on the drainage system. No provision had been made for the cost of

their construction, and no bids could have been received as to them.

Act No. 227 of 1928 clearly contemplates that the bonds issued originally for the cost of a gravity drainage system might prove insufficient to defray such costs, and, for this reason, the Legislature has provided, within certain limits, for additional bonds to be issued to perfect and complete the system and to pay the cost of the additional work.

Our conclusion is that the additional bonds issued in this case are authorized by the provisions of Act No. 227 of 1928, and are legal and valid.

We do not find it necessary to pass upon the prescription of 60 days.

Judgment affirmed.

O'NIELL, C. J., absent.